RANDY S. GROSSMAN
United States Attorney
OWEN ROTH
Assistant United States Attorney
California Bar No. 335891
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-7710
Email: owen.roth@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-237 TWR |
| Plaintiff, | **UNITED STATES' RULE 16.1 UPDATE** |
| v. | The Honorable Todd W. Robinson |
| FERNANDO BLANCO, *et al.*, | |
| Defendants. | |

The United States of America submits this Rule 16.1 update, pursuant to Rule 16.1(a) of this Court's local practice rules.

This indictment is one of six that have been returned by a grand jury from a long-running wiretap investigation into cross-border and domestic drug trafficking. The six indictments are related and are all before this Court, though some remain under seal. *See* Case Nos. 23-CR-233, -234, -235, -236, -237, and -238 TWR (S.D. Cal.). The indictments together charge more than twenty people with various conspiracies and substantive acts of drug smuggling and drug trafficking; though the indictments list out counts based upon discrete events, the discovery is effectively common across the cases.

The discovery in the case is voluminous. It includes multiple rounds of wiretaps targeting several different phones, and includes the application and order documents, the intercepts, and the line sheets. (Putting to one side whether line sheets are discoverable

when the interceptions are produced, the Government is producing them in this case.) The discovery also includes a large set of reports; evidence documenting various surveillance efforts; evidence concerning a substantial number of drug seizures; forensic downloads of various phones; recordings of statements and interviews; and so on.

In the interests of efficiency and avoiding unnecessary delay, the Government and each defense attorney began meeting and conferring on an individual basis as soon as counsel received the given appointment. To begin the process, the Government provided each defense attorney with (i) an email summarizing the offense conduct applicable to their particular client, (ii) a proposed stipulation concerning wiretap line-sheets, (iii) a proposed protective order, and (iv) with one exception at this time, a plea offer.[1] In addition, the Government compiled substantially all, if indeed not all, discovery prior to indictment, and has been making initial productions of the entire applicable discovery set to every defendant for whom the Court has signed the protective order. These disclosures have contained significant amounts of electronically stored information ("ESI"); each defense attorney has received the option of receiving the discovery via the Government's discovery transfer program, or by providing a hard drive, and each has received the discovery in their preferred way.

The purpose of this approach has been, in effect, to honor the purpose of Rule 16.1. The Government has given each defense attorney a roadmap to understanding the discovery particularly applicable to the attorney's client. And, the Government has done everything it can to provide virtually complete discovery to each of the defendants virtually immediately. To date, the Government has received individualized requests for help locating particular items of discovery, and has been proactive in locating those items. For example, at this time, the Government believes that one defendant in these cases is seeking

---

[1] One unsealed defendant, Fernando Blanco, is named in three different indictments. The plea offer is forthcoming.

help locating the recording of a post-arrest statement, but that this is the only outstanding request.

The Government will have additional discovery to provide in this case. In the course of the initial set of arrests, the Government seized phones from many of the defendants now proceeding; the Government is working on search warrants for these devices (and any others that it may need to still search) and will produce the forensic downloads of those phones as soon as possible. In the meantime, the phones are available for inspection by counsel for the particular defendants who possessed them. And, as is often the case in larger investigations, the Government cannot discount the likelihood that as the cases proceed towards trial, it will locate and produce additional materials. But as a threshold, the Government is confident that it has put out in discovery the lion's share of the discoverable material in the case, if not all of it.

Given the breadth of the underlying investigation and the volume of the discovery, the Government submits that a hard-and-fast timetable for producing discovery is not going to aid the parties or the Court. For example, the Court's individual Rule 16.1(a) cites examples of discovery materials that are commonly produced in reactive cases (such as Alien Registration Files, port-camera video, and the results of vehicle inspections). Here, the Government began the case by compiling all the discovery and has made an initial production of it quickly. And, as defense counsel have identified particular items they would like to ensure they have, the Government has located it for them quickly. Given how the discovery process is proceeding, and the parties' ability to meet and confer quickly and effectively, the Government submits that the Court can set dates as appropriate and permit this process to continue. Should any particular discovery issues arise, the parties will of

//
//
//
//

course continue to meet and confer before seeking to involve the Court.

DATED: April 13, 2023

Respectfully Submitted,

RANDY S. GROSSMAN
United States Attorney

/s/ *Owen Roth*
OWEN ROTH
Assistant United States Attorney

UNITED STATES OF AMERICA,

            Plaintiff,

     v.

FERNANDO BLANCO

            Defendants.